UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER JASON HELFRICH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>　　　　Defendant. | Case No. 2:20-cv-01319-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF No. 1 |

　　　Plaintiff, proceeding *pro* se, filed what appears to be a petition for removal and proposed complaint (the "Initiating Documents") with the Clerk of Court, thereby commencing a civil action pursuant to 42 U.S.C. § 1983. ECF No. 1 at 1. However, Plaintiff failed to file a complete *in forma pauperis* ("IFP") application or pay the required filing fee. In an Order dated August 8, 2020, the Court granted Plaintiff through September 3, 2020 to pay the filing fee or submit a complete IFP application. ECF No. 5. The Court also informed Plaintiff that failure to comply with the Order may result in a recommendation to dismiss his case. *Id*. The Order was returned as undeliverable. ECF No. 6.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

Over a year has passed since the September 3rd deadline, and Plaintiff has not paid the filing fee; nor has he submitted a complete IFP. As such, dismissal is appropriate. In addition, Plaintiff fails to state a claim upon which relief may be granted.

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 986 F2nd. 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995).

Plaintiff submitted his Initiating Documents expressing wide-ranging frustration with the United States government and its officers. But, the documents fail to identify any facts that would support a cognizable claim. Instead, Plaintiff generally alludes to "systemic deprivations of fundamental Rights" in violation of 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242. ECF No. 1-1 at 2. The Court cannot decipher what relief Plaintiff seeks nor what claim he asserts. The Court also notes that it appears Plaintiff is wholly unwilling to participate in the judicial processes of the United States and refuses to appear before the Court to litigate this matter. ECF No. 1-1 at 13. In sum, the Initiating Documents contain frivolous and delusional content that does not state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice as there are no facts Plaintiff could allege that would cure the deficiencies of his presently filed Initiating Documents.

DATED this 5th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).